IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

**COMMONWEALTH OF VIRGINIA,**

v.  Civil Action No. 3:16cv128

**AYEM EL,**

    **Defendant.**

## MEMORANDUM OPINION

This matter comes before the Court on Defendant Ayem El's Motion to Proceed *in Forma Pauperis* pursuant to 28 U.S.C. § 1915(a)(1).[1] (ECF No. 1.) This matter also comes before the Court upon examination of Ayem El's[2] Notice of Removal from the Hopewell General District Court, filed pursuant to 28 U.S.C. § 1455[3] and Ayem El's second Notice of

---

[1] The statute reads, in pertinent part:

(a)(1) [A]ny court of the United States may authorize the commencement, prosecution or defense of any suit, action or proceeding, civil or criminal, or appeal therein, without prepayment of fees or security therefor, by a person who submits an affidavit that includes a statement of all assets such [person] possesses that the person is unable to pay such fees or give security therefor. Such affidavit shall state the nature of the action, defense or appeal and affiant's belief that the person is entitled to redress.

28 U.S.C. § 1915(a)(1).

[2] The Motion to Proceed *in Forma Pauperis* captions the case as *Commonwealth of Virginia v. Ayem El*. (*See* ECF No. 1.) The General District Court for the City of Hopewell, Virginia (the "Hopewell General District Court") action that Ayem El, a "Moor-American National," seeks to remove proceeds under the name he labels a "misnomer": Anthony Diante Paschal. (*See* Not. Removal 1, ECF No. 1-1; Not. Removal Ex. 4, at 5, ECF No. 1-4.) The Court will use the name Ayem El in this Memorandum Opinion for ease of reference.

[3] The statute provides, in pertinent part: "**(a) Notice of Removal.** A defendant or defendants desiring to remove any criminal prosecution from a State court shall file in the district court of the United States for the district and division within which such prosecution is pending a notice of removal . . . ." 28 U.S.C. § 1455(a).

Removal (the "Supplemental Notice of Removal").[4] (ECF Nos. 1-1, 5.) The Court confronts Ayem El's third spurious endeavor to remove his state criminal case to this federal court. Twice this Court has liberally construed Ayem El's filings, and twice this Court has denied Ayem El's efforts, offering a detailed explanation as to why Ayem El's attempts so fully fail to meet any standard this Court could be required to evaluate. (*See Commonwealth v. Ayem El*, No. 3:15cv718 (ECF No. 3) (remanded July 12, 2016); *Commonwealth v. Ayem El*, No. 3:15cv633 (ECF No. 3) (remanded Nov. 6, 2015).)

28 U.S.C. § 1455(b)(4) requires that this Court order a summary remand if it "clearly appears on the face of the notice and any exhibits annexed thereto that removal should not be permitted." 28 U.S.C. § 1455(b)(4). For the reasons that follow, "it clearly appears" that "removal should not be permitted" in this action. *Id.* Therefore, this Court lacks subject matter jurisdiction. The Court will summarily remand this matter to the Hopewell General District Court. The Court will further deny Ayem El's Motion to Proceed *in Forma Pauperis* and all incorporated motions and claims as moot.

## I. Procedural and Factual Background

On March 3, 2016, Ayem El filed a Notice of Removal with this Court pursuant to Section 1455.[5] (ECF No. 1-1.) On April 11, 2016, without leave of Court, Ayem El filed his

---

[4] On April 5, 2016, Ayem El moved to submit supplemental pleadings. (ECF No. 4.) On April 11, 2016, Ayem El filed his Supplemental Notice of Removal. ("Supp'l Not. Removal," ECF No. 5.) Without leave of Court, Ayem El also attached a supplemental pleading to his first Notice of Removal. (Supp'l Not. Removal, Ex. 7, at 74, ECF No. 5-7.)

This Court has a duty to construe *pro se* filings liberally. *Steele v. Capital One Home Loans, LLC*, 594 F. App'x 215, 216 (4th Cir. 2015) (citing *Erickson v. Pardus*, 551 U.S. 89, 94 (2007)). Accordingly, this Court will overlook the glaring procedural errors and consider all of Ayem El's filings as a whole in a liberal manner.

[5] Ayem El also asserts that removal is proper pursuant to 28 U.S.C. § 1441, which allows removal of "civil actions." 28 U.S.C. § 1441(a). Ayem El further claims that this Court has original jurisdiction over this matter pursuant to 28 U.S.C. § 1331 (granting federal district

2

Supplemental Notice of Removal. (ECF No. 5.) Ayem El attaches to the Notice of Removal and the Supplemental Notice of Removal a plethora of documents regarding the state court proceedings in an apparent attempt to comply with 28 U.S.C. § 1455(a),[6] without regard to the Federal Rules of Evidence as to the propriety of such attachments. These documents suggest that Ayem El was arrested on September 17, 2015 for three moving violations: (1) reckless driving; (2) driving on a revoked or suspended license; and, (3) continuing to drive after a law enforcement command to stop. (Not. Removal, Ex. 4, at 11.) The Hopewell General District Court released Ayem El on September 22, 2015 with the following pretrial conditions: (1) posting of a $7,500 bail; (2) submission to drug and alcohol screening and testing; (3) a 7:00 p.m. to 7:00 a.m. curfew; and, (4) supervision in accordance with the local pre-trial services agency. (Not. Removal, Ex. 4, at 3, 11.)

On October 22, 2015, a Show Cause Summons was issued, alleging that Ayem El breached the conditions of his release by violating curfew twice and receiving new criminal charges.[7] (Not. Removal, Ex. 4, at 5.) On November 30, 2015, the Hopewell General District

---

courts original jurisdiction over "all civil actions arising under the Constitution, laws, or treaties of the United States") and 28 U.S.C. § 1340 (conferring original jurisdiction on federal district courts over "any civil action arising under any Act of Congress providing for internal revenue, or revenue from imports or tonnage").

Ayem El's jurisdictional arguments founder. The Show Cause Summons plainly demonstrates that the underlying state action is criminal in nature. Sections 1441, 1331, and 1340 do not apply here. *See Dugas v. Hanover Cty. Circuit Court*, No. 2:08cv72, 2008 WL 4153765, at *2 n.6 (E.D. Va. Sep. 5, 2008) (noting that Section 1443 "is the only removal statute that can be construed to allow removal of criminal prosecutions in State court").

[6] 28 U.S.C. § 1455(a) requires a defendant removing a criminal prosecution from state court to file "a short and plain statement of the grounds for removal, together with a copy of all process, pleadings, and orders served upon such defendant or defendants in such action." 28 U.S.C. § 1455(a).

[7] Ayem El was charged with two counts of possessing documents for a false identity. These charges were later discharged *nolle prosequi*. (Supp'l Not. Removal, Ex. 4, at 1–4, ECF No. 5-4.)

3

Court ordered Ayem El held without bail. (Not. Removal, Ex. 4, at 9.)[8] On February 9, 2016, the Hopewell General District Court released Ayem El on bail a second time. (Supp'l Not. Removal, Ex. 7, at 25, ECF 5-7.) The Court ordered conditions similar to Ayem El's first release, but lowered the bond to $1,500, removed a nightly call-in requirement, and required a weekly meeting with a local pre-trial services agency. (*Id.*)

In his Notice of Removal and Supplemental Notice of Removal, as in his prior attempted removals to this Court, Ayem El claims he has suffered from a number of violations to his constitutional rights:[9] that his bail violates the Eighth Amendment to the United States Constitution[10] because it is excessive; that the administration of his bail has been arbitrary and discriminatory; and, that the conditions on his bail prevent him from engaging in profitable commerce. These allegations failed to support Ayem El's prior removals, and they cannot support removal in this action.

Ayem El also adds new claims to his third removal effort. He asserts that the Commonwealth has unduly delayed his case in violation of his Sixth Amendment right to a speedy trial.[11] He notes that his next hearing date is nearly a year after the original charge. Ayem El avers that the Hopewell General District Court has erred by not hearing his case in a

---

[8] A second Show Cause Summons was issued on November 12, 2015, charging Ayem El with four curfew violations. (Not. Removal, Ex. 4, at 8.) The court conducted a hearing on December 1, 2015 and ordered that he continued to be held without bail. (Not. Removal, Ex. 4, at 10.)

[9] Ayem El also makes a myriad of counterclaims against the State of Virginia and nearly every agency and individual that has been involved in his case. The Court need not conduct an analysis of these claims because, for reasons below, they will be dismissed as moot.

[10] "Excessive bail shall not be required, nor excessive fines imposed, nor cruel and unusual punishments inflicted." U.S. Const. amend. VIII.

[11] "In all criminal prosecutions, the accused shall enjoy the right to a speedy and public trial." U.S. Const. amend. VI.

4

more timely manner. Ayem El claims he was denied his due process rights in violation of the Fourteenth Amendment.[12] He contends that he "did not receive a bail determination hearing" at his November 30, 2015 hearing for violating the conditions of his bail. (Not. Removal 3.) These new allegations have no impact on whether Ayem El can satisfy Section 1455. As in his prior attempts, and for the following reasons, Ayem El cannot remove his Virginia criminal case to this Court.

## II. Analysis

A defendant in a criminal proceeding in state court may properly remove the action only when he or she meets the substantive requirements of 28 U.S.C. § 1443 and the procedural requirements of 28 U.S.C. § 1455. *Dugas*, 2008 WL 4153765, at *2.[13] "Thus, the Court must determine whether the removal of his state criminal court cases complies with the pertinent federal removal statutes, thereby providing this Court with [subject matter] jurisdiction to hear these matters." *Id.* If the removing party fails to make a proper showing under Section 1443, this Court lacks subject matter jurisdiction to hear the case. *North Carolina v. Dupree*, 521 F. App'x 181, 182 (4th Cir. 2013); *accord Lott v. Duffy*, 579 F. App'x 87, 89–90 (3d Cir. 2014); *New York v. Smith*, 494 F. App'x 138, 139–40 (2d Cir. 2012); *Hawaii v. Jim*, 31 F. App'x 426, 426–27 (9th Cir. 2002); *Supreme Court of Cal. v. Kinney*, No. 3:15cv1552, 2015 WL 3488408, at *2 (N.D. Cal. June 2, 2015).

---

[12] ". . . [N]or shall any state deprive any person of life, liberty, or property, without due process of law." U.S. Const. amend. XIV.

[13] In *Dugas*, this Court noted that a criminal removal must comply with the procedural requirements of 28 U.S.C. § 1446. 2008 WL 4153765, at *2. In 2011, Congress passed the Federal Courts Jurisdiction and Venue Clarification Act of 2011. Pub. L. No. 112-63, § 103, 125 Stat. 758, 759–62 (2011). This Act limited Section 1446 to the removal of civil actions and added Section 1455 to govern the procedural requirements for the removal of criminal prosecutions from state courts.

A criminal defendant seeking to remove a matter pursuant to Section 1443 must show that the prosecution proceeds:

> **(1)** Against any person who is denied or cannot enforce in the courts of such State a right under any law providing for the equal civil rights of citizens of the United States, or of all persons within the jurisdiction thereof; [or,]
>
> **(2)** For any act under color of authority derived from any law providing for equal rights, or for refusing to do any act on the ground that it would be inconsistent with such law.

28 U.S.C. § 1443. To determine whether Ayem El's attempted removal is proper, the Court examines, seriatim, the two avenues to removal provided by Section 1443. For the reasons stated in the remand orders issued by this Court on November 6, 2015 and July 12, 2016, Ayem El's third effort fails.

### A. Ayem El Cannot Remove His Criminal Prosecution Pursuant to Section 1443(1)

#### 1. Standard For Removal Under Section 1443(1)

This Court uses a two-prong test to determine whether a criminal action in state court may be properly removed to federal court under Section 1443(1). First, the removing party must show that the "'right allegedly denied . . . arises under a federal law providing for specific civil rights stated in terms of racial equality.'" *Lee-Bautista v. Bautista*, 633 F. App'x 148, 149 (4th Cir. 2016) (quoting *Johnson v. Mississippi*, 421 U.S. 213, 219 (1975)); *accord Upchurch v. Wheeler*, 878 F.2d 1431, 1989 WL 74875, at *1 (4th Cir. July 6, 1989) (per curiam) (unpublished table decision). Second, "it must appear . . . that the removal petitioner 'is denied or cannot enforce' the specified rights" in state court. *Lee-Bautista*, 633 F. App'x at 149 (citing *Georgia v. Rachel*, 384 U.S. 780, 803 (1966)); *accord Upchurch*, 1989 WL 74875, at *2. This provision typically requires a showing that the "denial [of that right] be manifest in a formal

6

expression of state law." *Upchurch*, 1989 WL 74875, at *2 (quoting *Johnson*, 421 U.S. at 219); see *City of Greenwood, S.C. v. Peacock*, 384 U.S. 808, 828 (1966).

### 2. Ayem El Does Not Assert a Right of Racial Equality

Like his prior removals, his Court lacks jurisdiction over this action pursuant to Section 1443(1) because Ayem El still does not allege a violation of any right couched in terms of racial equality. Importantly, Section 1443(1) does not serve to remedy "the violation of . . . constitutional rights phrased in terms of general rights applicable to all citizens." *Pennsylvania v. Brown-Bey*, 637 F. App'x 686, 688 (3d Cir. 2016); *Dugas*, 2008 WL 4153765, at *3. Rather, the removing party must first show that the state action denies him or her a "right guaranteed under a federal law 'providing for specific civil rights stated in terms of racial equality.'" *South Carolina v. Moore*, 447 F.2d 1067, 1070 (4th Cir. 1971) (footnote omitted) (citations omitted).

Despite the attachment of new documents and new allegations regarding his right to a speedy trial, as in his prior attempted removals, Ayem El fails to make a proper showing for the removal of a criminal proceeding under Section 1443(1). Even with extra documents, he does not allege any violation of a federal right couched in terms of racial equality. Ayem El's "counterclaims"[14] likewise mirror those filed previously. Again, none of Ayem El's contentions satisfies the requirements of section 1443(1). *Johnson*, 421 U.S. at 219; *Peacock*, 384 U.S. at 825. This Court cannot establish subject matter jurisdiction over this action through Section 1443(1) and must remand the matter to the Hopewell General District Court unless Ayem El can

---

[14] Counterclaims are creatures of civil litigation, not criminal proceedings, and are therefore irrelevant to the propriety of the instant removal action. The Court may only consider a civil claim in a separate civil suit. Indeed, Ayem El has now filed a motion to proceed *in forma pauperis* in a separate civil suit. *Ayem El v. Hopewell Gen. Dist. Court*, No. 3:16cv242 (ECF No. 1) (E.D. Va. filed April 26, 2016).

make a proper showing under Section 1443(2). *See Lee-Bautista*, 633 F. App'x at 149; *Northrup v. North Carolina*, 461 F. App'x 211, 212 (4th Cir. 2012).

### B. Ayem El Cannot Remove His Criminal Prosecution Pursuant to Section 1443(2)

#### 1. Standard For Removal Under Section 1443(2)

Section 1443(2) consists of two distinct clauses. The first, the "color of authority" clause, *Baines v. City of Danville, Va.*, 357 F.2d 756, 771 (4th Cir. 1966), *aff'd*, 384 U.S. 890 (1966) (per curiam), permits removal when the defendant is prosecuted "[f]or any act under color of authority derived from any law providing for equal rights." 28 U.S.C. § 1443(2). The "color of authority" clause "confers a privilege of removal only upon 'federal officers and . . . persons assisting such officers in the performance of their official duties.'" *Folts v. City of Richmond*, 480 F. Supp. 621, 626 (E.D. Va. 1979) (citing *Peacock*, 384 U.S. at 815, 824); *accord Brown-Bey*, 637 F. App'x at 689.

The second, the "refusal" clause, *Baines*, 357 F.2d at 772, permits removal when the defendant is prosecuted "for refusing to do any act on the ground that it would be inconsistent with such law." 28 U.S.C. § 1443(2). The "refusal" clause "is available only to state officers." *Peacock*, 384 U.S. at 824 n.22; *Baines*, 357 F.2d at 772; *accord Brown-Bey*, 637 F. App'x at 689.

#### 2. Ayem El Is Not a State or Federal Officer

Again, as in his prior removal attempts, this Court has no jurisdiction over this action pursuant to Section 1443(2) because Ayem El still does not allege that he is a federal officer, a person assisting a federal officer in the performance of their official duties, or a state officer. Absent this threshold requirement, a removing party cannot utilize Section 1443(2). *Peacock*, 384 U.S. at 815, 824; *Baines*, 357 F.2d at 772; *Folts*, 480 F. Supp. at 626. The absence of any

8

claim by Ayem El that he has conducted or assisted official conduct precludes him from seeking removal under Section 1443(2).[15] The Court cannot establish subject matter jurisdiction over this action through Section 1443(2).

### III. Conclusion

For the reasons articulated above, no subject matter jurisdiction over this matter exists. Therefore, this Court must remand the matter to the Hopewell General District Court. *Lee-Bautista*, 633 F. App'x at 149; *Northrup*, 461 F. App'x at 212. The Court will deny Ayem El's Motion to Proceed *in Forma Pauperis* and all incorporated motions and claims as moot. *See North Carolina v. Mitchell*, 76 F. Supp. 3d 618, 620 (E.D.N.C. 2014).

The Court will further warn Ayem El that it will not tolerate repetitive, vexatious litigation filed outside the bounds of the Federal Rules of Civil Procedure and the Local Civil Rules for the Eastern District of Virginia. The Court will advise Ayem El that continued frivolous filings may result in sanctions.

An appropriate Order shall issue.

/s/ M. Hannah Lauck
United States District Judge

Richmond, Virginia
Date: 8-26-15

---

[15] Even if Ayem El had alleged this threshold requirement, he would still have to show that the "law providing for equal rights," 28 U.S.C. § 1443(2), was one couched in terms of racial equality. *Appalachian Volunteers, Inc. v. Clark*, 432 F.2d 530, 535 (6th Cir. 1970). While Section 1443(2) speaks in terms of "equal rights" and not the phrase "equal civil rights" found in Section 1443(1), courts have held that Section 1443(2) claims require redress specifically toward racial equality. *See id.* at 535 & n.3. This is true, in part, because Congress enacted the antecedent to Section 1443 as part of the Civil Rights Act of 1866, which was designed to address racial inequality. *Baines*, 357 F.2d at 759 n.7 (citing Civil Rights Act of 1866, ch. 31, 14 Stat. 27); *see Rachel*, 384 U.S. at 791–92 (outlining the legislative history of the 1866 Act).